### CITY OF McGREGOR v. C. C. COOK.

(No. 6564.)

APPEAL from McLennan County.    Opinion by WILLSON, J.

W. C. O'BRIEN and HERRING & KELLY, counsel for appellant.

L. L. SAMUELS, counsel for appellee.

§ **141.** *Municipal corporations; judgment against cannot award execution; damages; not recoverable for suit instituted against party claiming.* Appellee sued the city of McGregor to recover the sum of $210, alleged to be due him for services rendered the city under a contract of employment, and for $90 damages for breach of said contract. The city answered by general denial and by plea in reconvention for $1,000 for preventing the negotiation of certain bonds issued by the city. Upon ex-

ceptions thereto by appellee, said plea in reconvention was stricken out. Appellee recovered judgment for $150, said judgment ordering execution to issue against the city for said sum and costs. Exceptions to the plea in reconvention were properly sustained. Said plea sought to recover damages against appellee because of his suit against appellant to recover his claim. Such ground affords no legal cause of action for damages. [3 Civil Cas. Ct. App., § 248; Johnson v. King, 64 Tex. 226.] It was not error to permit appellee to read in evidence the proceedings of the city council objected to by appellant. There was no substantial variance between said proceedings and the allegations in relation thereto in the petition. Nor was it error to permit appellee to read in evidence the letter of C. B. Hall. Said Hall, as appears from the evidence, was acting by authority of the city council in writing said letter, and it was the act of the council. There is ample evidence, we think, to sustain the judgment, and the fact that appellee recovered a judgment for a less amount than he claimed, or than the evidence showed him to be entitled to, affords no ground of complaint on the part of appellant. We find but one error in the judgment, and that is that it awards execution against the appellant. As a general rule, execution cannot be awarded to enforce a judgment against a municipal corporation, and this general rule must obtain, as we have no statute providing otherwise. [1 Dill. Mun. Corp., § 576; Freem. Ex'ns, § 22.] The judgment is reversed, and is here reformed and rendered so as to make it collectible by a due course of law, as in such cases provided, and the costs of this appeal are adjudged against the appellee.

June 18, 1890.                    Reversed and rendered.