FRITSCHE v. NIECHOY et al.    (No. 7294.)

(Court of Civil Appeals of Texas.  Galveston. June 11, 1917.  Rehearing Denied Oct. 4, 1917.)

1. TRESPASS TO TRY TITLE ⬟⟳38(1)—BURDEN OF PROOF.

In trespass to try title, where any affirmative facts necessary to sustain plaintiff's suit are controverted by any evidence offered by defendant, a recovery by plaintiff must be based upon a preponderance of the evidence, though defendant is forced to maintain the affirmative of some fact to disprove plaintiff's case, as the burden of proof does not shift to defendant, though the weight of the evidence may shift.

2. NEW TRIAL ⬟⟳56—MISCONDUCT OF JURY—HARMLESSNESS.

Though, in trespass to try title involving a dispute as to whether plaintiff or his deceased son of the same name was the grantee in a deed, the jury discussed the fact known to some of them that the son had been engaged in a business in which he might have earned money from which he could have bought the land, and also discussed the financial condition of plaintiff as compared with that of the son's wife and child, the court properly denied a new trial, where 10 of the 11 jurors who sat had agreed to a verdict for defendant before any discussion of these facts, and the eleventh juror was not affected by such discussion, but reached his conclusion solely upon the testimony.

3. APPEAL AND ERROR ⬟⟳978(3)—NEW TRIAL ⬟⟳44(3)—DISCRETION OF COURT—REVIEW.

The granting of a new trial for misconduct of the jury in considering matters other than the testimony is solely within the discretion of the trial court, and such discretion will not be interfered with in the absence of proof of its abuse.

Appeal from District Court, Chambers County; J. Llewellyn, Judge.

Suit by Charles Fritsche against L. S. Niechoy, administrator, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 158 S. W. 791.

E. B. Pickett, Jr., of Liberty, and A. L. Beason, of Galveston, for appellant.  A. W. Marshall, of Anahuac, and Stevens & Stevens, of Houston, for appellees.

LANE, J.  This suit was brought by plaintiff, Gotlieb Carl Fritsche, father of Charles William Fritsche, deceased, under the name of Charles Fritsche, against L. A. Niechoy, as administrator of the estate of Charles William Fritsche, deceased, Mrs. Mary Fritsche, and Amelia Fritsche, surviving widow and child of said Charles William Fritsche, respectively, in the ordinary form of trespass to try title to a certain 59 acres of land, a part of the L. W. Fields survey in Chambers county, Tex., the same being described by metes and bounds in the petition.  The petition contains the following allegations:

"Defendants unlawfully entered upon said premises and ejected plaintiff therefrom, and unlawfully withholds from him the possession thereof, to his damage in the sum of $1,000; that the reasonable annual rental of said land and premises is $100."

The defendants answered by pleas of general denial and not guilty, and by plea of limitation of three and four years.  Further specially pleading, they say:

"That on the 20th day of July, 1909, the premises in controversy was conveyed to Charles Fritsche by Erastus Moss, the said Erastus Moss being at the time of said conveyance the owner of said land, and that the identical Charles Fritsche to whom said land was conveyed was at that time a single man, and that he afterwards married the defendant Mary Fritsche, and that there has been born to said marriage the defendant Amelia Anna Fritsche. That about the 20th day of February, 1912, the said Charles Fritsche, to whom said land was deeded, died intestate leaving his said wife and child surviving him, who by inheritance from said Charles Fritsche became the owners of said land in controversy.

"That the said Charles Fritsche, deceased, was a son of the plaintiff herein; that the said Charles Fritsche, deceased, purchased said land on, to wit, the 20th day of July, 1909, paying the purchase money for same, as is shown by the certified copy of said deed hereto attached marked Exhibit A.

"Defendants further say that if they are mistaken in their allegations as to the said Charles Fritsche, deceased, having paid the purchase money for said land, then they allege in the alternative that if the purchase money or any part thereof was paid by the plaintiff, that the plaintiff procured said deed described as Exhibit A to be executed to the said Charles Fritsche as a gift to the latter.

"And for cross-action herein the defendants say that on, to wit, about the 1st of January,

1913, they were lawfully seized and possessed of said tract of land of about 59 acres described in the plaintiff's petition, and also described in Exhibit A hereto attached, holding and claiming the same in fee simple, and that on the day and year last aforesaid the plaintiff herein, whose real name is Gotlieb Carl Fritsche, unlawfully entered upon said premises and ejected the defendants therefrom, and unlawfully withheld same from their possession to their damage in the sum of $500; that the reasonable rental value of said premises is $250 per annum.

"Wherefore, premises considered, the defendants pray that they have judgment for the title and possession of said premises, and for their rent and damages, and for full and equitable relief and cost of suit, and that the plaintiff take nothing by his suit."

The evidence shows that while the name of Fritsche, Sr., was Gotlieb Carl, and he was sometimes called "Carl," he was generally known in the community in which he lived as Charles Fritsche; and that the son was known as, and generally called, Charlie Fritsche.

It is admitted that on July 20, 1909, Erastus Moss, by his deed of that date, conveyed to "Charles Fritsche" the land in controversy for a consideration paid to him of $1,180 cash. It is also shown that at the time of the death of Charles William Fritsche he lived on the premises in question with his wife and child; that shortly after the death of her husband, Mary Fritsche temporarily left the premises in charge of a negro woman; that she left her household and kitchen furniture in the dwelling house thereon, and that during her absence, plaintiff removed her furniture from said dwelling house and took possession thereof.

There is a conflict in the evidence as to the identity of the grantee named in said deed. The plaintiff, his wife, Erastus Moss, the vendor, and several others, testified that Fritsche senior was the purchaser, while John Wooten and Keith Finley, the witnesses to the deed, and others, testified that Fritsche junior, deceased, was the purchaser.

The witness Wooten, who wrote the deed and afterwards signed as a witness, testified as follows:

"I am the county and district clerk of Chambers county, Tex. I have examined this instrument, the deed to the land in controversy, you have handed me, and it is in my handwriting, and I wrote it. I know Mr. Fritsche; the old gentleman. I have been county and district clerk for about nine years. Up to the time this deed was written, Mr. Fritsche went by the name of Carl Fritsche. I didn't know his son up to the time this deed was written. The circumstances of me writing this deed were as follows: Mr. Moss came to me and wanted me to write a deed for him to 59 acres of land, and I told him all right, and asked him how he wanted it written and he told me, and Mr. Fritsche (the old gentleman) was there at that time, and also his boy was present, and Keith Finley, my deputy at that time, was also present, and I asked the old man what his name was, and he told me that he wanted the deed written to his son. I asked about it, and all the circumstances, and he said he wanted it written to his son Charles, because he had a home— that he had a home of his own, and that the boy had helped to make the money, and he told

me that his son's name was Charles. And if I had known at the time I wrote the deed that the old man's name was Charles, I would have put in the deed 'Junior.' I certainly would have."

Under the pleadings and evidence the trial court charged the jury as follows:

"The decisive and governing question of fact for you to determine in this case is the identity of the grantee in the deed from Erastus Moss to Charles Fritsche, dated July 20, 1909; so if you find from a preponderance of the evidence that plaintiff Fritsche is the real grantee in said deed, your verdict should be for the plaintiff, and unless you so find your verdict should be for the defendant.

"By the term 'a preponderance of the evidence' is meant the greater weight of credible testimony. * * *

"You are the sole and exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony, but the law you will receive from the court, and be governed thereby."

The court also charged on the matter of rents.

The verdict of the jury was for the defendants for the land in controversy and for $125 for rents. Judgment was accordingly rendered for defendants. From this judgment plaintiff has appealed.

[1] There is no contention made by appellant that the evidence does not support the findings of the jury, but by his first assignment he insists that, by instructing the jury that the decisive and governing question of fact for them to determine in the case is the identity of the grantee in the deed from Erastus Moss to Charles Fritsche, dated July 20, 1909, and that if they should find from a preponderance of the evidence that plaintiff Fritsche is the real grantee in said deed their verdict should be for the plaintiff, and unless they should so find their verdict should be for the defendants, the trial court erroneously placed the burden of proof upon him.

There is no merit to this contention. By the charge complained of the court does no more than to give the jury instructions of universal application; that is, that if the plaintiff is permitted to recover, such recovery must be based upon a preponderance of the evidence. When the defendant, as in this case, is forced to maintain the affirmative of some fact to disprove plaintiff's case, though prima facie, the burden of proof is not shifted upon the defendant, but remains upon plaintiff throughout. The rule is well settled that, where the plaintiff makes a prima facie case, it devolves upon the defendant to rebut it, but the burden on the whole case is not shifted to the defendant, but still remains upon the plaintiff. The burden of proof does not shift at any time in the trial of a cause, though the weight of the evidence often does, and it is never permissible for the trial court in a case in which the affirmative facts necessary to sustain plaintiff's suit are controverted by any evidence offered by defendant, to charge the jury that the burden of proof on

such facts is on the defendant. Clark v. Hills, 67 Tex. 141, 2 S. W. 356; Koppe v. Koppe, 57 Tex. Civ. App. 204, 122 S. W. 68; Jester v. Steiner, 86 Tex. 415, 25 S. W. 411; Southwestern Tel. Co. v. Luckett, 60 Tex. Civ. App. 117, 127 S. W. 856.

[2] By the second and last assignment appellant insists that the trial court erred in not granting his motion for a new trial, because of the misconduct of the jury in this: That after the jury had retired to consider their verdict and during their deliberations for the purpose of properly deciding the issue before them, it was urged by one or more members of the jury that they personally knew that the deceased Charlie Fritsche, Jr., while running the freight boat about which several witnesses testified, did a large business, one juror stating that he himself several times saw said Fritsche, Jr., leave on his trips with said boat heavily loaded with freight, especially large loads of rice, and the boat was larger than others usually engaged in that business, and therefore the said Fritsche, Jr., must have earned plenty of money out of such business from which he could have easily saved enough to buy and pay for the land in controversy, or a part of it, and this personal knowledge that these jurors claimed to possess was related to and for the benefit of the other jurors during their deliberations upon the case. And, also, it was discussed by the jury that the plaintiff was a man of means, and could very well afford to do without the tract of land in controversy, while on the other hand the defendant, Mrs. Mary Fritsche, and her little girl, Amelia Anna Fritsche were entirely without property and very much in need of the help that this tract of land would be to them. That these matters so discussed by the jury were wholly foreign to the merits of the case, and such misconduct was plainly violative of plaintiff's rights to have the material issues in the case determined fairly and impartially, and solely according to the law and the evidence heard on the trial of this case.

The case was tried before eleven jurors, one having been excused, by agreement, on account of sickness. The testimony of all the eleven jurors was heard upon the motion for new trial and showed that of the eleven jurors who sat in the trial of the case, ten of the jurors had agreed to find a verdict for the defendant before any discussion of any outside facts was had before the jury, and said evidence further showed that the remaining eleventh juror, who had held out against the defendants, did not hear said discussion, or if he heard the same was, according to his own undisputed statement, not in anywise affected thereby, and that he reached his conclusion in joining in a verdict with the other ten jurors for the defendant solely upon the testimony which was adduced upon the trial, hence the court did not err in overruling the plaintiff's motion for a new trial, on the ground of the alleged misconduct of the jury.

[3] The granting of a new trial in such cases is solely within the discretion of the trial court, and such discretion will not be interfered with in the absence of proof of its abuse.

We find no error in the trial of the case in the lower court, and therefore the judgment there rendered is affirmed.

Affirmed.