**FT. WORTH & D. C. RY. CO. v. HAPGOOD et ux. (No. 8752.)**

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 12, 1918. Rehearing Denied March 2, 1918.)

1. WITNESSES ⟜269(10) — CROSS-EXAMINATION—VALUE OF LAND.

Where plaintiff, testifying as to the value of his grass lands before the grass was burned, fixed the value at a sum considerably higher than the amount at which he rendered the land for taxes, defendant is, on cross-examination, entitled to bring that matter out.

2. APPEAL AND ERROR ⟜1048(6)—REVIEW—HARMLESS ERROR.

In an action against a railroad company for burning grass lands, where plaintiff testified that the difference between the value of the land before and after the fire was $3 per acre, and the jury found the difference to be $2.50, while many other witnesses testified to a greater damage by reason of the fire than did plaintiff, the erroneous refusal of the court to allow defendant to bring out on cross-examination of plaintiff that he had rendered for taxation the lands of which the grass lands were a part at a sum considerably less than the value which he ascribed to those lands was harmless, for the value per acre of the entire land might not be a fair criterion of the value of the grass lands; this being particularly true, as under plaintiff's petition he was restricted to the recovery of $1 damages per acre.

3. DAMAGES ⟜112 — INJURIES TO LAND — MEASURE OF DAMAGES.

Where the grass on plaintiff's land was fired by a railroad company, plaintiff is entitled to recover as damages the highest market value for any purpose to which he might wish to subject the land or the grass, including the purpose of pasturage.

4. APPEAL AND ERROR ⟜1051(1)—REVIEW—HARMLESS ERROR.

In an action for damages for the burning of grass, where a witness on both his original and cross examination testified positively that he knew the reasonable cash market value of the land for pasturage purposes before it was burned over and was familiar with lands in that vicinity, the admission of his testimony as to value was not reversible error, though on cross-examination the witness stated he was expressing his individual opinion as to value.

5. APPEAL AND ERROR ⟜237(2)—RECEPTION OF EVIDENCE—MOTION TO STRIKE.

Where the bulk of a witness' opinion evidence as to value was received before cross-examination showed that it was inadmissible, a party, desiring the exclusion of such testimony, must move therefor or he cannot complain.

6. DAMAGES ⟜174—VALUE—EVIDENCE.

In an action for damages for the burning of grass, testimony as to the value of the grass destroyed, based on the value of other grass lands, is inadmissible, where it did not appear that the lands taken as a criterion of value were essentially similar to that burned over.

Appeal from District Court, Clay County; W. N. Bonner, Judge.

Action by K. N. Hapgood and wife against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Thompson, Barwise & Wharton, of Ft. Worth, and Taylor, Allen & Taylor, of Henrietta, for appellant. Wantland & Parrish, of Henrietta, for appellees.

BUCK, J. This is the second appeal of this case, the opinion on the first appeal being found in 184 S. W. 1075, to which reference is made for the statement of facts and of the pleadings.

[1] Under the first and second assignments it is urged that the court erred in sustaining plaintiff's objection to the question propounded by defendant's counsel to plaintiff while on the stand, if he rendered for taxation for the year 1914 the land burned over. It is claimed that the witness had already testified on direct examination that the grass on the 623½ acres was burned during June and July, 1914; that the value of said land

immediately before the grass thereon was burned was of the reasonable market value of $15, and that the value immediately after the burning, was $12; that if he had been required to answer, plaintiff witness would have testified that he swore to the rendition for taxes for the year 1914 of the 7,369 acres in pasture, of which, the burned area was a part, and that it was rendered for the value of $41,065.11. Appellant insists that such evidence was admissible, not as a proof of value, but as affecting the credibility of the witness and his sincerity in stating that the land was of the value of $15 and as an admission against interest. In Lumber Co. v. City of Houston, 45 Tex. Civ. App. 363, 101 S. W. 822, writ denied, it was held that, in an action for damages to property, the rendition for taxes, unsworn to, made by the manager of plaintiff corporation, was admissible as an admission by the owner. To the same effect is Boyer & Lucas v. Railway, 97 Tex. 107, 76 S. W. 441; Railway v. Koch, 144 S. W. 1035. In answer to these two assignments, and also to the third, which complains of the refusal to admit in evidence the rendition itself, appellees cite us to Railway Co. v. Goswick, 83 S. W. 424, Railway Co. v. Kell, 16 S. W. 936, San Antonio v. Diaz, 62 S. W. 550, and McLane v. Paschal, 74 Tex. 20, 11 S. W. 837. In the last-cited and parent case, it was not shown that appellee, who testified as to the value of certain property in controversy, made the rendition sought to be introduced, but for all that appears such rendition was made by her deceased husband. Therefore that character of evidence was not admissible for the purposes for which it is offered here. In the Diaz Case, supra, the Court of Appeals for the Fourth District, disposed of the question briefly in these words:

"The seventh assignment complains of the action of the court in excluding plaintiff's assessments of his property for taxation upon the issue of value. This was not error. McLane v. Paschal, 74 Tex. 26, 11 S. W. 837."

We concur with the holding in this case if the assessment was offered merely to prove value, and we think the Supreme Court, case cited by Judge James as authority for the holding in the Diaz Case, goes no further. In Railway Co. v. Kell, supra, the Court of Appeals said:

"Evidence showing at what valuation appellees had rendered their land for taxation was immaterial, and was properly excluded from the consideration of the jury. [Gulf, C. & S. F. Ry. Co. v. Abney] 3 [Willsons] Civ. Cas. Ct. App. § 414. But even if there was error in excluding such evidence, it was harmless, for it is not claimed by appellant in its brief that the judgment is excessive."

So in the last-cited case it was not shown that such evidence was introduced as an admission against interest, etc. In Railway Co. v. Goswick, supra, the court cites only three of the cases heretofore mentioned as authority for the holding of inadmissibility,

and even there it is shown that the evidence offered was for the purpose of proving value, not for the purpose for which the evidence was offered in the instant case. We are therefore of the opinion that on cross-examination of plaintiff it was admissible for the defendant to show, if it could, that plaintiff had sworn to a rendition for taxes for the year 1914 of the same land as involved in this suit, and at a valuation slightly over one-third of what he had testified on direct examination the value was. The testimony on the question of value was sharply contradictory, and took a wide range, and in cross-examination of plaintiff, under the circumstances shown, we think the defendant should have been permitted to elicit from the witness the information sought.

[2] But appellees urge that, even if it should be held that error was committed, such error is harmless, and did not reasonably contribute to an appreciable enhancement of the damages found; that the difference in the value of the land before and after the fire as testified to by plaintiff was only $3 per acre. The jury found the difference to be $2.50, and, the plaintiffs having alleged the injury to the land amounted only to $1 per acre, judgment as to this item was limited to the amount alleged. Taking into consideration the fact that it is a matter of general knowledge, even in spite of our so-called "Full Rendition Law," that property is not ordinarily rendered by its owners for its full cash value, and in consideration of the fact that this is not a suit involving the question of the taking or conversion of the land, where the entire value thereof has been lost to the owner, but is a case calling for damages arising from alleged depreciation in value, we have concluded that the error did not probably contribute to an enlargement of plaintiff's recovery. Moreover, there were many other witnesses who testified to a greater damage by reason of the fire than did plaintiff.

[3] We do not think error is shown in the admission of the testimony of the witnesses Brightwell, Weldon, and Melton and plaintiff as to the value of the land before and after the fire for the purposes for which plaintiff was using it. We think each of these witnesses qualified to testify as to such value, and that plaintiff was entitled to recover the highest market value for any lawful purpose to which he might wish to subject the land or the grass, including the purpose of pasturage. St. L. S. W. Ry. Co. v. Anderson, 173 S. W. 908, writ denied; City of Ft. Worth v. Burton, 193 S. W. 228; Railway Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365; Railway Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; Harle v. Railway Co., 39 Tex. Civ. App. 43, 86 S. W. 1048.

[4, 5] Nor do we think reversible error is shown in the admission of the testimony of

the witness Hamm as to the market value of the land in question. While it is true that on cross-examination he testified that he was basing his expressed opinion as to such value on what he would do individually, and not on what other parties would do about purchasing the land before and after the fire, yet on original examination, as well as on redirect, he testified positively that he knew the reasonable cash market value of said land for pasturage purposes before the grass was destroyed and after the land had been burned over. He further testified that he had been engaged in the cattle business in Clay county for some 30 years, and had bought and sold lands considerably during said time, and had leased much grass land, and knew the effect on the land and turf from burning off the grass, and that in estimating the value of the land before and after the fire he would take into consideration the result of his long experience and observation in the cattle business and in the use of, and in the buying, selling, and leasing of, lands for pasturage purposes. Railway Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365. Moreover, a major portion of this testimony had been given on direct examination, before any objection was raised, and the proper practice, if defendant desired the testimony excluded, would have been to make a motion to that effect. Railway Co. v. Hogsett, supra; Dunn v. Taylor, 107 S. W. 952; Collins v. Cook, 40 Tex. 238; Telephone Co. v. Thomas, 45 Tex. Civ. App. 20, 99 S. W. 879.

[6] The sixth assignment is directed to the exclusion of certain tendered testimony by defendant's witness A. W. Melton, to the effect that he was leasing a tract of land near plaintiff's ranch, and was therefor paying an annual rental of 65 cents per acre, and that he knew of other parties who were renting grass land from 45 cents to 75 cents per acre, and that such rental was the reasonable market value of said grass for the year 1914, and that the land so rented was similar and of like character to plaintiff's land. This witness testified as to his knowledge of the grass on plaintiff's land during the period covered by the fire as follows:

"No, sir; I do not remember being in Mr. Hapgood's pasture in June or July, 1914, or of inspecting grass in his pasture in June or July, 1914, before these fires; cannot tell the jury now the condition of the grass in his pasture at the time, because I was not in it, and I will not undertake to tell the jury the kind of grass that Mr. Hapgood had at that time. No, sir; I cannot say positively now that I saw the grass that Mr. Hapgood had destroyed, because I do not think that I was in his pasture that year, and do not know the grass that Hapgood had destroyed or the nature of that particular grass, and when I said I knew the value in a general way, I just supposed that that grass out there of Hapgood's was practically of the same nature of other grass there that I knew of, and that I have seen. I do not know what kind of grass Mr. Hapgood had in the triangular pasture in 1914; positively I do not, only in a general way."

While it has been held that in order to establish the market value of land or personal property it is admissible, under certain restrictions, to show what other lands or property of a similar kind and under circumstances and conditions similar to those existing at the time of the loss or injury to the property in question were sold for, yet in order to make such testimony admissible, it must be shown that the property in question was essentially similar in every material particular with that sold, and that the time and conditions of such sales were similar to those existing with reference to the injured or destroyed property in controversy. Koppe v. Koppe, 57 Tex. Civ. App. 204, 122 S. W. 68; 16 Cyc. p. 1138 et seq.

We overrule appellant's sixth assignment, and also the seventh, eight, and ninth, which complain of the exclusion of similar testimony by other witnesses, who either did not show themselves to be acquainted with the character of grass on plaintiff's land during 1914, or did not show that the same conditions existed with reference to plaintiff's land as existed with reference to other lands concerning the rental value of which their evidence was sought. Moreover, these witnesses testified as to their opinion of the market value of the grass in Hapgood's pasture, which was burned, basing such value at from 45 cents to 75 cents per acre. Even if the evidence objected to under the tenth assignment was improperly admitted, we are of the opinion that no reversible error is shown.

The eleventh assignment, urging that the court should have given a peremptory instruction, because, as insisted, the plaintiff, K. N. Hapgood, was guilty of contributory negligence as a matter of law, is overruled. We are of the opinion that the question of Hapgood's contributory negligence was for the jury, as per our opinion on the former appeal. We overrule the twelfth assignment, because if any prejudicial error is shown in the submission of special issue No. 3, it was cured by the remitter filed by plaintiff. We overrule the thirteenth assignment for reasons given as to the eleventh.

We think the seventeenth assignment is too vague and uncertain to warrant consideration, and find no prejudicial error in the other assignments. All assignments are overruled, and the judgment is affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

### On Rehearing.

Appellant by written motion and oral argument urges that we erred in the disposition of a number of its assignments. In deference to counsel's earnest insistence and because Chief Justice CONNER was absent at the time this case was submitted on original hearing, and at the time of the rendition of a judgment of this court, and because the other members of the court were desirous that the

questions presented in this case should be passed upon by the entire court, at the submission of the motion for rehearing counsel for appellant was granted an extension of time, so that he might present in detail his contentions that the court erred in the former disposition of the appeal. Since then the full court has given the case a careful reconsideration, taking up each assignment, noting the evidence, and examining the authorities relied on, and it is our opinion that the conclusions reached by the court on original hearing are sound, and that the judgment should not be disturbed. We might add, with reference to the first and second assignments of error, that there is nothing in the record to show that the 623½ acres burned was not more valuable than other portions of the 7,369 acres in pasture. This is noted as a further reason for our conclusion that no reversible error is shown in the action of the court in sustaining the objection of appellees to the testimony of K. N. Hapgood, to the effect that he had rendered the 7,369 acres, for the year 1914, at a stated value of $41,065.11. In fact, there is some proof in the record that the grass on this 623½ area was even better than that on other portions of the larger tract.

The motion for rehearing is overruled.