## HARRISON v. DAVIS.

### No. 9005.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1933.

Rehearing Denied April 12, 1933.

Cunningham, Moursund, Johnson, Rogers & Slatton and C. S. Slatton, all of San Antonio, for appellant.

R. R. Smith, Walter E. Jones, H. D. Barrow, and A. N. Steinle, all of Jourdanton, for appellee.

SMITH, Justice.

The record presents a sorry spectacle exemplified in the life of D. N. Hays, a miserly old bachelor whose advancing years brought him a considerable estate which he accumulated and preserved while living in isolation, squalor, filth, loneliness, and suspicion. Shortly prior to his death at the age of 80 years, he conveyed all his estate to S. N. Harrison, for the alleged consideration of the latter's agreement to take care of him during the remainder of his miserable life, which lasted only a few months longer. The record shows, however, and the jury found, that he made the conveyance in view of suddenly developed obligations to others, and with the intent to hinder, delay, and defraud his creditors. And so did the jury find that the unhappy creature did not at the time have sufficient mental capacity to execute the conveyance involved.

This action was brought against Harrison by collateral relations of Hays to set aside those conveyances and recover Hays' estate for their own, as his heirs at law. Upon the jury findings the trial court ordered the cancellation of the conveyances and rendered judgment in favor of said heirs for said property. Harrison has appealed.

Appellant's first proposition is directed at the admission of the testimony of a doctor-witness to the effect that in his opinion the decedent did not have the mental capacity to convey the property in controversy; or, in other words, that the grantor was not mentally capable of understanding the nature and effect of the conveyance.

■ It is now well settled in this state that "no witness, whether he be a subscribing witness, an expert, or a nonexpert, will be permitted, over proper objection, to state his opinion of the capacity of the testator, or the maker of any contract, to make such instrument, when such opinion assumes the shape and has the effect of being an opinion upon the legal capacity of the party in question." Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 628, 36 L. R. A. 64; Jackson v. Watson (Tex. Com. App.) 10 S.W.(2d) 977; Pickering v. Harris (Tex. Com. App.) 23 S. W.(2d) 316; Brito v. Slack (Tex. Civ. App.) 25 S.W.(2d) 881; Koppe v. Koppe, 57 Tex. Civ. App. 204, 122 S. W. 68, 74; Adams v. Adams (Tex. Civ. App.) 253 S. W. 605. It is therefore obvious that the testimony here complained of was inadmissible over timely and appropriately made objections. And as the testimony bore upon a material issue in the case, which was meagerly supported in the evidence, the error requires reversal, if appellant's objections and exceptions were properly presented below and preserved on this appeal. In truth, appellees do not challenge appellant's proposition on its merits, but they do vigorously protest against its consideration here. They contend that the testimony now complained of by appellant was not objected to by him until after its admission, and that he made no motion that it be stricken; and they contend that in his assignment of error complaining of this transaction he did not distinctly specify the particular ruling complained of in his brief, as required in rules 24, 25, and 26 for Courts of Civil Appeals. In view of reversal upon

other grounds it is not deemed necessary to decide these questions of practice.

■■ The judgment must be reversed because of the two diverse findings: (1) That Hays was not mentally capable of making the conveyances sought to be set aside; and (2) that he made those conveyances with the intent to hinder, delay, and defraud his creditors. Under familiar elemental rules of law, the grantor, or his heirs or representatives, would be entitled to set aside those conveyances in the first case; whereas, it is equally well settled that in the second case the conveyance would be valid against the vendor, his heirs and representatives, and the courts would decline to set aside those conveyances at the instance of the grantor or his heirs or representatives.

The record shows, perhaps conclusively, that Hays made the conveyances for the purpose of defrauding his creditors. It further shows that he went about his design with considerable shrewdness, and executed it with astounding success, at least so far as the creditors were concerned, for they seemed so complacent, or so thoroughly deceived, that they made no effort to circumvent the old man's efforts, so far as the record shows, until now they appear to be cut off by the bar of limitation. Hays was quite active and alert in carrying out his purpose to put his estate beyond the reach of his creditors, for, as soon as his unexpected liabilities arose, he concealed himself in remote places, where threatening creditors and process servers could not find him, and contacted his vendee until the transactions were completed. Then he reappeared in his squalid haunts, went into his final decline, and died a few months later.

All these circumstances would seem to refute the charge of mental incapacity, and the very fact that he so shrewdly and effectively circumvented his creditors, and, incidentally, cut off appellees, whom he seemed to suspect of designs upon his estate, renders the finding of mental incapacity dubious, if it does not actually nullify that finding.

■ But the point is that the two findings are in direct, as well as apparently irreconcilable, conflict. And assuredly they are material. Under the first finding, of mental incapacity, appellees were entitled to recover, and appellant was not entitled to recover; whereas, under the second finding, of fraud, appellees were not entitled to recover, while appellant was entitled to recover as against them. This constitutes a perfect irreconcilable conflict between findings, and a judgment based thereon cannot stand. Speer's Special Issues, §§ 431, 434, and authorities there cited. In this situation the trial court should have ordered a mistrial, or, failing in that and rendering judgment, should have set that judgment aside.

Other questions are raised in the appeal, but they do not require discussion. We are inclined to the conclusion that the testimony objected to by appellant in his second proposition, or at least a part of it, should have been excluded, in the face of timely and appropriate objections, under the holdings in Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185. The remaining questions relate to the sufficiency of the evidence, and need not be noticed.

Because of the conflicting findings of the jury upon material issues, the judgment must be reversed, and the cause remanded.