**Rafael DAVILA et ux., Appellants**

**v.**

**Victor MERCADO, Appellee.**

No. 13229.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 27, 1957.

Rehearing Denied Jan. 8, 1958.

————◆————

Elmer H. Theis, Corpus Christi, for appellants.

Lee Mahoney, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Victor Mercado against his daughter Dolores Mercado Davila and her husband, Rafael Davila, seeking to set aside a warranty deed signed by plaintiff, conveying his one-half interest in Lots 38 and 39, Block 7, Summit Addition to the City of Corpus Christi, Nueces County, Texas, known as 2208 Ruth Street and to recover his alleged one-half interest in the lots.

The trial was to a jury and, based upon the verdict of the jury, judgment was rendered in plaintiff's favor against defendants, for a one-half interest in the above described lots, and a money judgment in the principal sum of $684, from which judgment Rafael Davila and his

wife, Dolores Mercado Davila, have prosecuted this appeal.

Appellee has not filed a brief herein.

Appellants, by their first point, present the contention that the court erred in not granting their motion for judgment non obstante veredicto, because appellee failed to establish by the evidence adduced upon the trial the elements of fraud which he alleged.

Appellee alleged that he had been induced to execute the warranty deed to his one-half interest in said lots 38 and 39 by false representations on the part of appellants, to the effect that appellee's second wife might make claims against this property in her divorce suit against him.

Appellee had theretofore been married, and during that marriage had acquired said lots 38 and 39, together with the improvements thereon. His first wife died intestate on December 23, 1949, leaving seven children surviving her, including Dolores Mercado Davila. Appellee in 1952 married his second wife, Bertha Hernandez Mercado, with whom he lived upon the property here involved until January, 1955, when she sued him for a divorce. It was pending this divorce that appellee conveyed the property to his daughter. He alleged that his daughter fraudulently led him to believe that his second wife might make a claim to his property, and the best thing he could do was to convey it to her so that his second wife could not make a claim against it. He alleged that he was by this fraud induced to execute the warranty deed he here seeks to set aside. He did not substantiate these allegations of fraud upon the trial, but, on the contrary, testified that he conveyed the property in question to his daughter because he was afraid that Bertha Hernandez Mercado, his second wife, would make a claim in the pending divorce suit. This would place the fraud upon him rather than upon appellants. Harrison v. Davis, Tex.Civ.

App., 58 S.W.2d 1025; Maples v. Maples, Tex.Civ.App., 275 S.W. 1091.

The record further shows that appellee's second wife did make a claim against the property for improvements made during their marriage, and that appellee admitted in open court that he did owe his wife for such improvements, and a stipulation that he was indebted to her in the sum of $500 was entered into in the divorce suit.

Appellee having failed to establish fraud as alleged, was not entitled to recover, and the trial court erred in not granting appellants' motion for judgment non obstante veredicto.

Accordingly, the judgment will be reversed and judgment here rendered that appellee take nothing and pay all costs.