We therefore answer the question propounded in the negative.

GREENWOOD and PIERSON, JJ. The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified to the Court of Civil Appeals.

––––––

## AMERICAN INS. CO. OF NEWARK, N. J., et al. v. PECKLO. (No. 622–4128.)

(Commission of Appeals of Texas, Section A. Feb. 18, 1925.)

**Insurance ☞640(2) — Clause, that insurer shall not be held to waive condition of policy by examination of loss, need not be specifically pleaded.**

In action for fire insurance, defense being breach of concurrent insurance clause, to which insured pleaded waiver because of examination as to loss by insurer, it was not necessary for insurer to specifically plead clause, that conditions or provisions of policy were not to be waived by such examination, to obtain benefit thereof.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by A. P. Pecklo against the American Insurance Company of Newark, N. J., and another. From decision of Court of Civil Appeals (257 S. W. 626) reversing a judgment for insurance companies, the latter bring error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

Geo. S. Wright and Thompson, Knight, Baker & Harris, all of Dallas, and Armstrong & Morrow, of El Paso, for plaintiffs in error.

R. B. Rawlins, J. U. Sweeney, and W. M. Coldwell, all of El Paso, for defendant in error.

CHAPMAN, J. The Court of Civil Appeals at El Paso held in this case, being a suit on a fire insurance policy, that where the insurance company pleads a breach of the concurrent insurance clause and the insured by supplemental petition claims a waiver of this clause because of the insurance company's subjecting the insured to an examination as to the amount of loss sustained, and there is in evidence a clause in the policy that the insured should submit to examination by the company, and that the company shall not be held to have waived any provision or condition of the policy or any forfeiture thereof by any act or proceeding on its part relating to such examination, the insurance company is not entitled to the benefit of the last-named clause because it failed to specially plead the provisions of such clause.

This holding is in direct conflict with Germania Fire Ins. Co. v. McChristy et al. (Tex. Civ. App.) 101 S. W. 822. In the last-named case the court had under consideration the precise question that we have stated in this case, and Judge Fisher discussed this issue in these words:

"The court declined to consider this provision of the policy on the ground that it was not pleaded by the insurance company. The latter, in response to the claim of waiver asserted by the plaintiff, pleaded a general denial; and we are of the opinion that such plea was sufficient to require the court to consider the stipulation in the contract mentioned. There is no question in this case as to the fact that the policy contains such a stipulation, and the mere fact that it was not formally offered in evidence would not require the court to reverse merely for the purpose of requiring such formality to be observed, when it affirmatively appears that the stipulation was before the court and was presented to it for consideration by the appellant in the argument of the case. The court did not decline to consider the stipulation on the ground that it had not been offered in evidence, but, as said before, merely for the reason that, in its opinion, the pleading of the appellant was not sufficient to authorize the court to consider the stipulation in opposition to the plea of waiver asserted by the plaintiff."

This excerpt from Judge Fisher's opinion so clearly expresses our views on this question that we shall not attempt to enlarge on it.

The judgment of the trial court was in favor of the insurance company, which judgment was reversed by the Court of Civil Appeals, upon the ground that the pleadings of

the insurance company were insufficient in the particulars above mentioned. We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.