## SWEATT v. TARRANT COUNTY et al.

### No. 13578.

Court of Civil Appeals of Texas. Fort Worth.

July 9, 1937.

Rehearing Denied Sept. 10, 1937.

J. W. Stitt, of Fort Worth, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee Tarrant County.

William McCraw, Atty. Gen., and W. B. Pope and Leonard King, Asst. Attys. Gen., for the State.

BROWN, Justice.

Appellant, Mrs. Rhoda Sweatt, a feme sole, who resides upon a five-acre tract of land lying just inside the city limits of the City of Fort Worth, Tex., brought this suit against the State of Texas, the County of Tarrant, and the City of Fort Worth, and joined as a defendant the West Texas Construction Company, which did certain work in the making of the improvements but which construction company was dismissed before the case was tried, and alleged that the three defendants first named, by mutual agreement, constructed the Fort Worth-Grapevine highway and East Balknap street, which is a part of such highway, and that in so doing they changed the natural course of water from rainfall at and near the junction of such highway with Beach and Harper streets, near the eastern limits of the City of Fort Worth, so as to cause her tract of land to be flooded with water from every rain of any appreciable size, thereby greatly injuring the land; and alleged as her measure of damages the value of the property immediately before the work was done and the value immediately after.

It seems that the work done was done partly within the city limits and partly beyond said city limits. We do not think it necessary, in the view we take of this case, to detail the answers filed by the State of Texas and its Highway Commission, and by Tarrant County and the City of Fort Worth, excepting to say that the City of Fort Worth pleaded in bar of any recovery against it the two-year statute

702

of limitation, which plea was sustained by the trial court and of which judgment appellant makes no complaint.

The case was tried to a jury on the following issues given here as to their substance and answers returned as shown:

Issue No. 1 requested the jury to find whether construction of the highway in question, together with the grading of Harper street, diverted the water in the locality in question from its natural course. The answer found is "Yes."

Issue No. 2 requested the jury to find whether or not such diversion caused any damage to appellant's property. The jury answered "No."

The court instructed the jury that if they answered the second issue "Yes," to answer the third and fourth issues, but, if they answered the second issue "No," not to answer the third and fourth issues.

The third and fourth issues inquired of the jury what was the reasonable market value of appellant's property immediately prior to the construction of the highway and the grading of Harper street, and the reasonable market value thereof immediately after such construction and grading.

It is not necessary to notice issues Nos. 5 and 6.

On this verdict the court rendered judgment that appellant take nothing as against any and all of the defendants. She filed an amended motion for new trial, which was overruled, and she has appealed the cause to this court.

In appellant's brief we find 18 assignments of error.

We understand that our Supreme Court has held that propositions are no longer necessary in a brief. We deplore the day when such a ruling was made necessary by the enactment of a statute, because we know, and we believe every diligent lawyer in Texas knows, that a proposition immediately brings to the attention of the appellate court the point raised, and, without such manner of briefing, the court is compelled to wade through the record to find the point.

■ But we understand that there must be assignments of error in the brief; that these must be such as are proper for consideration; and that if there are propositions advanced they must comply with the present statutory requirements for assignments of error. Vernon's Ann.Civ. St. art. 2249 et seq.

■ The first assignment of error aserts that the verdict is contrary to the law and the evidence.

Such an assignment has been many times condemned, and no proposition can aid it or give life to it.

The second asserts that the undisputed evidence showed that, by reason of the diversion of the water from its former course by the construction of the highway and the grading and graveling of Harper street, appellant's land was frequently overflowed and thus injured and appellant damaged.

The third asserts that under the undisputed evidence appellant's land, as a matter of law, was injured and appellant damaged.

The fourth, fifth, and sixth assignments are not presented for review.

■ The seventh asserts misconduct on the part of the jury, in that they discussed matters not in evidence and not in the record, which influenced them to return a verdict against appellant.

We think such a blanket assertion is too general to warrant consideration. The eighth is not presented for review.

The ninth asserts misconduct in that, while "considering their verdict, especially their answer to special issue No. 2 of the court's charge, jurors discussed the real or supposed general benefits of the construction of the highway to the community in common on or near the highway and as an offset to any damages to plaintiff by reason of said highway and its construction as involved in this suit, and all such discussion being extraneous to, contrary to and in violation of the court's charge, and the jury were thereby materially influenced in returning their verdict against plaintiff."

■ The tenth asserts misconduct, in that the jury "received and considered other evidence than in the record of this case as to real or supposed general benefits to the community from the construction of the highway, and possible future litigation on account of waters upon plaintiff's land, and were materially influenced thereby in returning verdict against plaintiff."

It is easily seen that the tenth assignment of error is multifarious and duplicitous, in that it deals with two separate and distinct matters under discussion, which the briefer alleges influenced the verdict.

We believe that the matters so complained of should be presented in separate assignments of error.

 The eleventh assignment of error asserts: "The verdict of the jury in answer to special issue No. 2 of the court's charge was contrary to the overwhelming preponderance of the evidence and against the undisputed evidence in the case."

This assignment of error is duplicitous and multifarious. The forepart of it admits that there was evidence pro and con on the issue presented, but that the answer of the jury to the issue is contrary to the overwhelming preponderance of the evidence. This presents a fact question within our jurisdiction, and one over which the Supreme Court has none.

The last portion of the assignment of error asserts in so many words that there is no evidence in the record to support the answer of the jury to the issue submitted and that such answer is against the undisputed evidence. This portion of the assignment of error presents a law question within the jurisdiction of the Supreme Court, as well, of course, within our jurisdiction.

We should not consider such assignment of error, as presented, and no proposition, or propositions, could cure the defect as we find it here.

The twelfth assignment of error is not presented for review.

The thirteenth asserts that "the court erred in rejecting plaintiff's requested special issue and in not submitting the same to the jury, it being a material issue and in said requested special charge, properly presented."

The fourteenth and fifteenth assignments of error are not presented.

 The sixteenth asserts that there was neither pleading nor evidence that the improvements of the highway and street were of any special benefit to appellant's land, and that the conduct of the jury in discussing or considering any benefits from such improvements as offsetting appellant's damages "was material misconduct on the part of the jury, and the court erred in not granting a new trial on those grounds which not only showed fundamental error but also were duly called to the court's attention."

This assignment of error does not appear in appellant's motion for a new trial, and it is not such an one as we can say was carved out of some portion of the motion for a new trial. That is to say, it does not appear to be a properly reconstructed assignment of error.

The objections to such assignment of error are well taken.

The seventeenth assignment of error asserts that the trial court erred in submitting to the jury issues Nos. 3 and 4, "they being really two parts of one issue and not proper for submission, and were duly excepted to."

We believe the objections to this assignment of error are well taken. It is subject to the same criticisms urged against the sixteenth assignment of error.

 The eighteenth reads as follows: "The court erred in overruling appellant's amended motion for new trial because of each and severally the errors presented in the foregoing assignments of error."

Similar assignments of error have been consistently condemned by the courts. The objections urged against it are well taken.

 We cannot agree with appellant's contention that "the undisputed evidence showed that by reason of the diversion of the water from its former course by the construction of the highway and the grading and gravelling of Harper Street, plaintiff's land was frequently overflowed by water and thus injured and plaintiff damaged"; and that "under the undisputed evidence plaintiff's land, as a matter of law, was injured and plaintiff damaged."

The jury found that the construction of the highway and the grading of Harper street "diverted the water in the locality in question from its natural course," but also found that such diversion has not caused any damage to appellant's property.

The evidence, as disclosed by the statement of facts, is conflicting and the jury, having the duty of ascertaining whether or not any diverted water has injured appellant's land, has found no such injury.

 Appellant not having briefed her assignment of error attacking the issue on which the jury found no injury, and the only objection to the submission of such issue being to the effect that the submission of issues Nos. 1, 2, and 3 are erroneous because the court has not included the graveling of Harper street, it is evident that the charge was acceptable to appellant and she is bound by it, unless the mere omission of the graveling could be said to be a material omission.

We fail to see how placing gravel on the graded street could materially affect the flow of water. In fact the evidence does not disclose that such was an issuable fact.

There is no merit in these two assignments of error.

■■■ As to the ninth assignment of error, touching misconduct of the jury in their discussion of benefits and damages; to say the least of it, the testimony of the three jurors, who were examined on the question of misconduct, is of such a nature that an issue of fact was presented to the trial court as to whether or not there was in fact material misconduct, and the trial court has found against such issue.

The evidence amply supports such finding on the part of the trial court, in this case. City of Dallas v. Firestone Tire & Rubber Co. (Tex.Civ.App.) 66 S.W.(2d) 729, 733.

■■■ The thirteenth assignment of error complains of the trial court's refusal to give appellant's specially requested issue.

We find this matter raised in the following manner: In objecting to the submission of special issue No. 3, found in the charge, appellant said:

"The plaintiff excepts and objects to special issue No. 3 of the charge, for the reason that it is an improper presentation of that issue to the jury, the province of the jury not being to find the reasonable market value of the property immediately before the damage suffered, if any, nor immediately after such damage, but to find what damage, if any, the plaintiff suffered by reason of the fact to be found in answer to special issue No. 2, if the same should be answered 'yes,' and in this connection the plaintiff requests the Court to submit to the jury in lieu of special issue No. 3 and special issue No. 4 the following special issue:

" 'Gentlemen of the jury, if you have answered special issue No. 2, then answer the following question:

" 'What amount of damage, if any, has plaintiff suffered by reason of the diversion of water referred to in special issue No. 2?

" 'Answer in dollars and cents.

" 'Answer: ————.' "

It is evident that appellant was satisfied with issue No. 2, but did not agree with the measure of damages submitted by the court in issues Nos. 3 and 4. We think the proper measure of damages was submitted and there was no error in refusing the requested issue. Furthermore, this is the measure of damages set up in appellant's pleading, and her theory of her case.

Appellant introduced witnesses and sought to elicit from them the reasonable cash market value of appellant's property immediately before and subsequent to the making of the improvements complained about, and this is undoubtedly the proper measure of damages. So far as we are able to find from the voluminous statement of facts, no other money damage was attempted to be shown by appellant. There was no taking of any part of her property. She seeks to recover damages done thereto by the improvements made.

■■■ That the jury had the right to consider the special benefits accruing to appellant's property by reason of the improvements made, as offsetting any damages claimed, is evident.

There was some testimony before the jury, and they could, with propriety, find that whatever damage appellant may have suffered was offset by the special benefits received; or they could find that no actual damage was done by the improvements. Burton Lumber Co. v. City of Houston, 45 Tex.Civ.App. 363, 101 S.W. 822 (writ denied).

We find no error in the record, and overrule all assignments of error, including those which we believe should not be considered, all of which were considered by us.

Affirmed.