### CITY OF HOUSTON v. SCHORR.
### No. 12354.

Court of Civil Appeals of Texas. Galveston.
Jan. 24, 1952.

Rehearing Denied Feb. 14, 1952.

See also, 231 S.W.2d 740.

Will Sears, City Atty., Richard H. Burks, Asst. City Atty., of Houston, for appellant.

Bracewell & Tunks, Harry W. Patterson, of Houston, for appellee.

GRAVES, Justice.

This is a condemnation suit, commenced by the appellant, City of Houston, for the purpose of condemning a carefully defined and limited storm sewer easement, by which an open gully, or bayou, on the appellee's property, was replaced by a completely enclosed and covered box storm sewer. The special commissioners appointed by the Court returned an award of $15.00. The appellee filed objections to the award, and, upon the second trial before a jury, a verdict was rendered in the sum of $2,000.

On this appeal the City presents these two points of error:

"(1) The trial court erred in excluding from evidence the City's written permit to appellee to construct a building over and upon the storm sewer, because the permit was cogent evidence to show material mitigation, reduction, and rebuttal, of appellee's claim of damage.

"(2) The trial court erred in refusing to permit the witness, Travis Smith, Assistant Director of Public Works, to testify that the City had stood ready at any time since the construction of the storm sewer, and was ready at the time of the trial, to issue appellee a permit to construct a building over and upon the storm sewer, since such testimony materially mitigated, reduced, and rebutted, appellee's claim of damage."

In view of the disposition determined upon after the consideration of the quoted points, since it is to be held that a reversal and a remanding of the cause should be made, it is deemed unnecessary to pass upon the other questions presented. As the statement has indicated, and as the pleadings of both parties show, it was mutually recognized that the basic issue in the suit was whether there had been a "damaging" of the appellee's entire property by the taking of the right-of-way for the sewer—and not that there was any issue of compensation for a "taking" of land itself.

In other words, the sole issue joined by the parties in their pleadings was on the question of "damaging" the appellee's property as a whole.

The appellee specifically plead that the easement "seriously injures the use and value of said lot;" he followed that averment with testimony from himself and other witnesses to the effect that the storm sewer would interrupt building upon the property and would interrupt construction anywhere; indeed some of such supporting testimony was to the effect that, because the storm sewer was there, nobody would want to build over it, and that it could not be built on, hence the land itself had been damaged in value by reason of its construction.

In response to this claim of damage on behalf of the appellee, the appellant City proposed to show that he could build over and upon the storm sewer, and that the City stood ready at any time to grant him a permit for that purpose.

Whereupon, the Court sustained objections from the appellee to the introduction of any such issue, as well as the tendered testimony in support of it. And that action forms the basis for the City's controlling points of error upon this appeal, as quoted, supra.

In such undisputed state of the record thus brought here, it seems to this Court that, under appellant's two points of error, the only remaining inquiry is whether or not the tendered permit by the City, and its readiness to issue it would have, as it urges, materially mitigated, reduced, or rebutted, the appellee's claim of damage to his property by the construction of the sewer without it.

It seems to this Court that the purpose of showing that the City had so been at all times ready to issue him such a permit would have had a tendency to reduce the exact damage that Mr. Schorr himself claimed had resulted to him from the mere granting of the right-of-way for the sewer; as against it, the appellee testified that he had never tried to get such a permit, and that he would not have accepted it, had it been offered to him.

It would seem to this Court that appellant had the right to show that appellee had not sustained as much damage as he thought he had, and had claimed, and had been allowed to him by the verdict and the judgment.

It is repeated in this connection that the City did not condemn, "take" or otherwise encumber even, any of the appellee's land, but only condemned a carefully-defined easement for a storm sewer across such land; hence, since there was no taking of land, but only damaging of it, by the appellee's own pleadings and testimony, it would seem that the trial court erred in not permitting the City to so reduce the amount of damage he claimed, if it could. These authorities are cited in support of that holding: State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194; 16 Tex.Jur., Par. 349, page 1032; 29 C.J.S., Eminent Domain, § 159, page 1023; 15 Am.Jur., Par. 354, page 792; Thompson v. Janes, Tex.Civ.App., Austin, 227 S.W.2d 330 (no writ shown); Burton Lumber Corp. v. City of Houston, 45 Tex. Civ.App. 363, 101 S.W. 822, writ of error denied; Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266; Hopkins County Levee Imp. Dist. No. 3 v. Hooten, Tex.Civ. App., 252 S.W. 325; and Aycock v. Houston Lighting & Power Co., Tex.Civ.App., 175 S.W.2d 710 (writ refused).

Indeed, the holding of this Court in a condemnation case, Tennessee Gas Transmission Co. v. Sample et al., Tex.Civ.App., 245 S.W.2d 735, upon the legal equivalent of the same state of facts, is substantially to the same effect as many of the other authorities cited, supra. Since it reiterates the holdings of many other cases, including those just cited, it is referred to as the most recent authority upon the question here presented.

Further discussion is deemed unnecessary, since the conclusions stated determine the merits of the appeal. They require that the trial court's judgment be reversed, and the cause remanded for another trial not inconsistent with the holding herein made.

It will be so ordered. Reversed and remanded.