TARRANT COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 1, Petitioner,

v.

Charlie HUBBARD et ux., et al., Respondents.

No. B–916.

Supreme Court of Texas.

Nov. 6, 1968.

Life & Bolding, Jack T. Life, Athens, Brown, Herman, Scott, Young & Dean, Ardell M. Young and J. Shelby Sharpe, Fort Worth, for petitioner.

Fields, Fields & Hardee, Robert Fields, Athens, for respondents.

REAVLEY, Justice.

This is a condemnation case which presents the following question: On the issue of market value of the remaining land after a partial taking, must the condemnor plead in order to prove how the new circumstances enhance that value? The trial court excluded all of such evidence in the absence of pleading, and the Court of Civil Appeals affirmed. 426 S.W.2d 330. We hold pleading not to be prerequisite, and require a new trial.

Petitioner, Tarrant County Water Control & Improvement District No. 1, created Cedar Creek Reservoir in Henderson and Kaufman Counties as a water supply for the City of Fort Worth. In the process it condemned 53.46 acres of land out of the 191 acres owned by respondents. The award of the commissioners was not satisfactory to the landowners, and they appealed to the County Court of Henderson County. A jury trial was held, and the standard three issues of State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936), were submitted to the jury, inquiring as to the market value of the land condemned and taken, the market value of the remainder immediately before condemnation, and the market value of the remainder immediately after condemnation.

The first witness, respondent Charlie Hubbard, testified that the market value of the remaining land was cut in half by the taking. On cross-examination, petitioner sought to inquire about developments and camp sites near the property, and its suitability for such purposes. Respondent objected on the ground that there was no pleading of enhancement or special benefit. The trial court sustained the objection and excluded the testimony. The respondent then presented a motion in limine to exclude all reference to enhancement in value of the remaining land, and the motion was granted.

Petitioner was not allowed to inquire by cross-examination as to the effect the building of the lake had upon the land's value, as to its saleability for residential purposes, or as to whether the 1,000 feet of lake shore would be of substantial benefit. Petitioner's witnesses were allowed to testify as to the dollar figure which each placed on the market value of the remaining land after the taking, but they were not permitted to explain the reasons for their opinions.

Petitioner contends that the remaining land abuts the reservoir and that special benefits accrue thereby which affect the market value of that land. This is a proper factor to be considered. City of Dallas v. Priolo, 150 Tex. 423, 242 S.W.2d 176 (1951). That proof was offered only upon the issue of the market value of the remaining land after condemnation, which was the issue and burden of the landowners' case and which, as put to the jury in Special Issue No. 3, read in part as follows:

" * * * taking into consideration the uses for which the $53\frac{46}{100}$ acres of land taken is to be subjected, what do you find from a preponderance of the evidence was the market value of the defendants' remaining $137\frac{54}{100}$ acres of land immediately after the taking of the $53\frac{46}{100}$ acres of land for lake purposes."

So the jurors were asked to consider what the witnesses could not reveal.

Petitioner's evidence of enhanced value was not an affirmative defense within Rule 94, Texas Rules of Civil Procedure. It was rebuttal evidence tending to disprove respondents' contention as to value. Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444 (Tex.Sup.1967).

There are early cases which required pleading of special benefits or enhancement. City of Dallas v. Cooper, 34 S.W. 321 (Tex.Civ.App.1896, no writ); Burton Lumber Corporation v. City of Houston et al., 45 Tex.Civ.App. 363, 101 S.W. 822 (Tex.Civ.App.1907, writ ref'd); Richey v. City of San Antonio, 217 S.W. 214 (Tex. Civ.App.1920, writ dism.). There is contrary authority. Houston Belt & Terminal Ry. Co. v. Wilson, 165 S.W. 560 (Tex. Civ.App.1914, no writ); Diadone v. Houston Belt & Terminal Ry. Co., 26 S.W.2d 366 (Tex.Civ.App.1930, writ dism.). One important difference between the above cited cases and the one at hand is that the former were not condemnation cases. While they were suits for damages to land, elements of the damages sought were not spelled out by statute as in condemnation.

Article 3265, Vernon's Tex.Civ.Stats., makes the benefit accruing to the remaining land a factor in the determination of damages. It provides:

"1. The commissioners shall hear evidence as to the value of the property sought to be condemned and *as to the damages* which will be sustained by the owner, if any, by reason of such condemnation *and as to the benefits that will result to the remainder of such property belonging to such owner, if any, by reason of the condemnation of the property, and its employment for the purpose for which it is to be condemned,* and according to this rule shall assess the actual damages that will accrue to the owner by such condemnation. * *

"3. When only a portion of a tract or parcel of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and *the benefits received thereby by the owner;* whether the remaining portion is increased or diminished in value by reason of such condemnation, and the extent of such increase or diminution and shall assess the damages accordingly." (Emphasis supplied)

 The landowner is not required to plead the use of the land which will be proved to support his claim for damages. It has been held that *no* pleading need be filed, since the rule of damages is provided by statute and only an objection to the award of the commissioners is necessary. Thompson v. Martin County, 247 S.W.2d 585 (Tex.Civ.App.1952, no writ).

The judgments of the Court of Civil Appeals and of the trial court are set aside and the cause is remanded for another trial.