Donny **MAC GARRETT** et al., Appellants,

v.

The **STATE** of Texas et al., Appellees.

No. 4799.

Court of Civil Appeals of Texas.

Waco.

May 8, 1969.

Rehearing Denied May 29, 1969.

Dunnam, Dunnam & Dunnam, Waco, for appellants.

Haley, Fulbright, Winniford, Sessions & Bice, Waco, for appellees.

## OPINION

WILSON, Justice.

In this condemnation case the land owner asserts there is no evidence or insufficient evidence to support the jury findings of the $55,000 value of the remainder of his land, not taken, immediately after the taking.

The actual question is narrower than this: it is whether there is no evidence or insufficient evidence that the value of the remainder was enhanced immediately after the taking, regardless of the amount. Of this, in our opinion, there is adequate evidence. If the evidence shows the reasonable market value of the remainder was greater just after the taking, the owner obviously sustained no damage, and the fact that the evidence does not support a specific value finding is immaterial in so far as reversible error is concerned.

The question arises on the fact that condemnor's counsel in interrogating its witnesses as to their opinion of value after the taking asked them to express opinion as to such value "after the roads were put in there" or "with the roads built there".

These opinions as to value were $67,000 and $78,730.

The evidence shows that the land in question is in the center of a circumference formed by two rivers; that a new highway (for which the land is condemned) bisecting the owner's dairy farm will span the Brazos river at Steinbeck Bend, where a circuitous route of many additional miles was necessary before; and that new access to the city of Waco and its environs would be provided. As a part of the same highway project, although not upon the land taken in this case, other roadways were being constructed at the time of trial which would for the first time "open up" the owner's land to easy accessibility and transportation to and from these areas. Prior to the taking, there was evidence to show, the only economical use of the property was for a dairy farm; but the city had annexed strips 250 feet wide on each side of the right-of-way which had already been zoned for commercial use.

The witnesses testified that the remainder in question was thereby converted into desirable and valuable subdivision land which had a much higher value than farming or dairy land. Property within the city limits, there was testimony to show, was more valuable than property outside the city.

The record reflects that at the time of the trial the highway on appellant's land taken had already been laid out and construction had begun, as it had on the intersecting roads constituting the rest of the project.

There was no objection to this evidence or to the court's charge.

■ Special benefits to the residue after the taking is a factor properly considered by the jury. Tarrant County Water Control & Improvement Dist. v. Hubbard (Tex. Sup.1968) 433 S.W.2d 681, 682. City of Dallas v. Priolo (1951), 150 Tex. 423, 242 S.W.2d 176, 180. These points are overruled.

■ The owner next complains of refusal of his requested instructions that the jury should not consider evidence of other property sales "as any evidence as to market value" of the owner's property. The argument is that the trial court "has a duty to charge the jury regarding its consideration of the evidence admitted for a limited purpose".

It was not reversible error to refuse the requests. The owner relies on State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207. The Oakley decision does not hold that it was necessary to submit the instruction. That question was not before the court. The instruction was recited only as a part of the narration of facts in the case. As we said in State v. Tidwell, Tex.Civ.App., 435 S.W.2d 619, 620, writ ref., n. r. e., the fact that the instruction was quoted in the opinion did not imply its approval by the Supreme Court. Neither did it imply it would be reversible error to refuse the request to submit the charge.

The instructions requested in the present case moreover, were far different from those in Oakley. They would not merely limit the purpose for which the comparable sales evidence might be considered; they would have also effectively precluded its consideration for the purpose or capacity concerning which the Oakley case held it was admissible. The charges requested would not have indicated the evidence could be considered for any purpose, and inferentially, would have instructed it was admissible for none. The requests did not comply with the requirements of Rule 279, Texas Rules of Civil Procedure that they be in substantially correct wording.

We have considered appellant's assignments concerning statements made by appellee's counsel in response to argument of appellant's attorney. The statements were not reversible error in the light of the entire record, including appellant's argument.

Affirmed.